Hemphill, Ch. J.
It will be necessary to consider the grounds assigned for error separately. Neither singly nor in tlxe aggregate do they present such objection as to authorize the reversal of the judgment. On discovery of the want of a seal the plaintiff was not bound to issue execution at the risk of having the judgment reversed on error, aud being subjected to the payment of the costs of the appellate proceeding. (2 Tex. R., 422.) He had the right, on application, to have the illegal proceedings set aside, and to have a judgment not tainted with causes of nullity.
Nor is the judgment excessive, as charged by the plaintiff in error. It is true that tire note, as copied in the petition, does not bear any date ; but the petition avers it to have been executed on the Sth day of Januauy, 1830, a fact not controverted by the defendant. By its terms the instrument bears interest from its date, and it appears to have been accurately estimated.
Nor is there any force in the objection that the judgment was rendered without the intervention of a jury. The defendant took Issue only upon the law, and not the facts of the case. He did not plead to the facts; and, on the overruling of the demurrer, lie was without defense to the action, lie said nothing in bar or preclusion; and, as the demand was liquidated, there was no necessity for the intervention of a jury. Under such circumstances the defendant waived his right as effectually as if ho had authorized judgment by confession. (5 Tex. R., 2G2.)
Judgment affirmed.
Note S3. — Thompson ti. Bishop, 2-1T., 302; Thompson v. Bishop, 29 T., 154.